

# Fourth Court of Appeals
## San Antonio, Texas

April 28, 2015

No. 04-14-00879-CR

Matthew Douglas **HAYES**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10842W
Honorable Lori I. Valenzuela, Judge Presiding

## O R D E R

Appellant, Matthew Hayes, entered into a plea agreement in two separate cause numbers whereby he pled guilty to two charges of aggravated robbery with a deadly weapon under each cause number (for a total of four counts). Hayes subsequently perfected two separate appeals under each of the two cause numbers: 04-14-878-CR (878 appeal) and 04-14-879-CR (879 appeal).

On April 1, 2015, the State filed a notice and motion for correction in both appeals, in which it asserted Hayes waived his right to appeal in the 878 appeal as part of his plea bargain. The State asserted that although the trial court admonished Hayes regarding waiver of his right to appeal, the form signed by the trial court is ambiguous, in that the trial court's marking appears in the space between that granting permission to appeal and that stating there is no right to appeal. The State requested this court obtain a corrected certification from the trial court indicating appellant has no right to appeal in the 878 appeal.

Appellant responded to the State's motion on April 20, 2015. In his response, appellant asserts the trial court granted permission to appeal in the 879 appeal, and thereby intended to and did grant permission to appeal in the 878 appeal as well.

Review of the Clerk's Record in the 878 appeal reveals the trial court's form titled "Certification of Defendant's Right to Appeal" is ambiguous as to Cause Number 2013-CR-10841W. As the State asserts, this Court cannot determine which box the trial court intended to mark.

For this reason, the State's Motion for Correction and Motion to Abate filed in both appeals, the 878 appeal and the 879 appeal is GRANTED. The trial court is ORDERED to file a supplemental clerk's record in this court in the 878 appeal, no later than May 12, 2015, which shall include a corrected "Certification of Defendant's Right of Appeal" as to Cause Number 2013-CR-10841W and which clearly indicates whether the trial court grants Hayes permission to appeal or whether there is no right to appeal.

All deadlines in the 878 appeal and the 879 appeal are abated until the supplemental clerk's record is received in the 878 appeal.

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of April, 2015.

_____
Keith E. Hottle
Clerk of Court